Good morning. I'm Judge Gould, and I'm presiding today. I'm pleased to be sitting with my colleague, Judge Kramer, on my right, and my colleague, Michelle, Judge Friedland, sitting on my left. We have a very busy schedule today with five cases to be argued. And so I'm going to have to ask all the advocates to please stay within their time limits. And if any appellant wants to make a rebuttal argument, please stop before you finish and use up all your time. Okay, thank you. With that, we'll proceed. The first case on our argument docket is the United States v. Vega. And for the appellant, we have Erin Blackender. Thank you, Your Honors. May it please the Court, Erin Blackender, on behalf of the United States, I'd like to reserve two minutes for rebuttal. Yeah, I'll try to watch your time, please, because it's sort of up to you. But if you appear to forget, I'll try to remind you. Thank you. This is an appeal from the District Court's disqualification of Idaho felony domestic battery with traumatic injury. Okay, wait one second, Ms. Black. Stacey, could you lift that podium about an inch or two? I can't. I couldn't see the clock. I've never been told to make something taller before. Okay, I see we have a clock here. We're high tech, but I hadn't noticed. Go ahead. Thank you. Idaho domestic battery with traumatic injury under Idaho Code 18, 918, subsection 2 is a crime of violence under the sentencing guidelines as in the elements clause because it satisfies three requirements at issue. First, at a minimum, the statute requires that the defendant knowingly or intentionally use force against a victim, against another person. This satisfies burden by requiring that force be used knowingly or intentionally by precluding the danger of conviction for merely accidental, reckless, or negligent conduct. Secondly, the statute requires the actual injury result from the use of force. This establishes that the use of force prescribed by the statute is the violent force used in crime of violence definitions. And finally, an examination of Idaho precedent reveals that a person cannot be convicted for Idaho felony domestic battery with traumatic injury without purposeful violent conduct. The statute has been used only to penalize these types of crimes as in Mr. Vega's case and in all other cases, and we're asking this court to reverse. And in starting with the question posed by your honors on Friday, whether or not the Borden plurality, or I guess what is the controlling authority from Borden? And it's the government's position that it is the Borden plurality opinion that is the logical subset of the holding of that case, which is the use of, the reckless use of force against a person that cannot be, the mens rea of recklessness does not satisfy. And in looking at Borden, Justice Thomas concurred really only on the issue that recklessness, reckless use of force, full stop, doesn't qualify. If Thomas were controlling, do you agree that you would lose? I don't know that I don't agree that we would lose because this statute specifically, the use of force is against the person of another. But Justice Thomas thought that it would require an intent to injure to actually cause an injury. Right. And I'm not sure this statute really has that additional point that you're expecting any kind of serious injury at all, because there could be such a slight injury and still satisfy the statute. I think that this court has grappled with this issue in similar cases. Certainly, Mariko Yano comes to mind as the first. Well, actually, Colon Areola, which is from the Ninth Circuit in 2014, which is a very similar statute to the domestic battery with traumatic injury statute in the sense that it is a battery encompassed by a larger violent force statute. And in this in that case, the court did hold that that fits squarely within the term crime of violence because it requires the deliberate use of force that injures another. And so in our case, the deliberate use of force, the battery is an intentional conduct aimed at another person. Right. But at least Justice Thomas thought it needed to be designed to cause harm so you could do an intentional thing without designing it to cause harm. Like maybe you touch someone's arm or something or shove them a bit and you are intentionally shoving them a bit, but you're not intending to cause harm. I think Justice Thomas would require more. Right. I think Justice Thomas would require more. And I think, well, it's telling that he disagrees. I mean, he disagrees with the reasoning of Viozine, which is splitting hairs. He he disagrees that reckless conduct would constitute the use of force for felon for crimes of misdemeanor domestic battery. He he believes that the residual clause encompasses that type of force. I think the angry plate thrower who hits the wall and and recklessly a shard of glass would hit would hit somebody. But and so then. OK, so what about Justice Kagan, though, who has many passages about anticipating that the car is going to hit the person and really injure them? Why is Justice Kagan actually different than Justice Thomas on this anticipation of harm issue? Because I think it's the awareness of your conduct and it's the awareness of an intentional act that is that could result in harm. And I and I think that the car, the car driving analysis that they use, the individual in that instance is purposefully or intentionally driving a getaway car. They see someone in their path not desiring that result, not desiring the specific results to to injure that person. But they do so anyway. Right. So Thomas would require desiring to injure. It seems Justice Kagan, though, seems to anticipate. Sort of knowingly, at least taking that risk. And I don't know if this Idaho statute has that level of knowingly expecting to injure someone. And I think when you look at the battery as used in this statute, we do meet that level, that requirement of knowing or intentional acts designed. Knowing or intentional act. But since the injury, the injury can be very, very minor. Right. The definition of traumatic injury does include a minor injury. And I would note that in Cologne, Areola, the 2010 case that dealt with California domestic corporal infliction of injury with traumatic condition. The definition that this court considered. And your honor, Judge Gold wrote that opinion. That was it's almost verbatim, the same statute that this court considered and determined that resulting injury is is the violent force contemplated by Johnson. And so it was that since Borden, though, that was not since Borden. So why can you answer my question about Justice Kagan? Why why do you not read Justice Kagan as thinking that you need to anticipate the harm? And if if well, let's start with that. Justice Kagan does. Say that you need to anticipate the harm, but it but it is through in the intentional or knowing act. And so the full awareness of what you are doing, if you are, for example, to draw an example from one of the Idaho cases, if you are dragging someone, excuse me, if you're purposely dragging someone, a domestic partner across the carpet after a scuffle and you leave rug burns. That is a that is an act designed intentional act. And it's reasonably likely that injury is going to result. But what if you come up behind someone, touch their shoulder, startle them and they fall out of their chair and injure themselves? Does that violate the statute in Idaho? It seems like it might. And they only just get a bruise or, you know, they startle and they get a bruise from hitting the arm of the chair. It seems like that's a minor injury. You touch them intentionally. What is the isn't that a violation under this Idaho law? And I think under that line of questioning, I under Fernandez Ruiz, the reasonable probability, the reasonably likelihood that that that conduct would be prosecuted or fall within the statute. And I think that that's the type of hypothetical. Counsel, if I could interject, you were going to save two minutes for a rebuttal. You've already you're down to about one minute. So I want to just remind you, if you want to make a rebuttal, you should. If I have if I've answered your question, I'll reserve the remainder for a battle. Thank you. OK. All right. Morning, Your Honor. May it please the court. Sam Macomber on behalf of Mr. Daniel Vega. Your Honor, Judge Freeland's hypothetical is exactly on point in this case. The touching a defendant falling out of a chair is a would satisfy the Idaho statute without being a crime of violence. The Idaho statute is overbroad because it does not include an awareness of consequent harm. The government oversimplifies. But counsel, there are three options here. One is willful use of force, which I assume you would find sufficient for the mental state. Intentionally causing bodily harm, which I assume, again, you would find sufficient. So what we're really looking at is the prong that says intentional touching or striking of a person against the person's will. So does the necessity of proving that it's against the person's will sort of strengthen the the meaning of intent in that statute in a way that if you simply, you know, pat someone on the shoulder and they fall down, it isn't really against their will. It's just a happenstance. No, Your Honor. Let me give you another example. An actor spits on his partner. The partner reacts to the spitting by falling backwards and hitting a dresser. No one gets spit on willfully. Right. That's against the will of another. But it still is sufficient to satisfy the Idaho statute without being a crime of violence. And to answer the court's question before or argument, we have five justices that all agree that there's a requirement for mens rea for the conduct and the consequence, the action and the injury. So they agree that it has to be more than reckless. And the statute is deaf. This statute is more than reckless. But both the plurality by Justice Thomas and the majority by Justice Kagan include language that includes in the holding that there's either an intentional act designed to cause harm. That would be a purposeful requirement. Or, as Justice Kagan writes, a full awareness of consequent harm. That would be a knowing requirement, both of which are more than reckless. Except that, as I just read, well, okay, intentionally causing bodily harm fits and willful use of force fits. So we're just looking at this intentional touching or striking against the will. Your Honor, I think that that requirement of battery, within the battery statute. It's one of the options. Still includes a mere touching. I think that the example from Judge Freeland and that I gave about the unlawful spitting are both a mere touching against the will of another. Does that answer your question? Well, it does in part. But if you actually look at this particular statute, it does require the infliction of a traumatic injury, which is either a wound or an injury caused by physical force. So it seems to me if you read the whole thing together, I'm not sure that it doesn't match up, I guess. I have difficulty separating out the idea that there's an actual injury here, whereas the use of force case law requires only the capability to cause injury. Here you have the requirement of an actual injury or wound. That actual injury requirement, Your Honor, can be satisfied by a mere touching, a de minimis force. And I think that what you're saying, and as the government argues. Well, isn't your point that it could be a minor injury, though? That's what the injury part of the statute says, whether of minor or serious nature. Correct. And that minor injury need not be caused by violent force. So to hold it, as you are saying, Your Honor, would merge the conduct and the consequence, the action and the injury that Borden separates. And that this statute separates because there's the battery requirement and then separately the traumatic injury requirement. The traumatic injury requirement has no awareness requirement as Borden demands. I think that what you're implying, Your Honor, would be a end run around the categorical approach. I think that the government is trying to argue a statute that no longer exists. So in Idaho, we used to have a statute that had a willful requirement for both the action and the injury. And in 2005, the Idaho legislature removed that requirement, as they may. They wanted to include more crimes in this Idaho statute. But when we apply the categorical approach in this recidivist statute, we construe it narrowly. And the crime of violence requirement is for a narrow category of crimes, narrow, violent, active crimes. And a crime of violence is about decision making. So here we have battery that results in traumatic injury. And that traumatic injury has no connection to the decision making, therefore cannot be a crime of violence. Stepping back, Your Honor, that similarly fits into the court's crime of violence framework, where the court is concerned about a special danger that an individual presents because they've had repeated purposeful violent crimes. Here, in contrast, that simple battery statute happens to cause injury. That recidivist statute should be construed narrowly. And if there's any ambiguity, the rule of lenity requires reserving or, excuse me, requires resolving ambiguity in the defendant's favor. I'd like to briefly address the government's cita-colon-eriota. This is a different world post-Borden, first of all. Second of all, a minimal touching could not give rise to a conviction in many of those California statutes, as this court held in Walker. Third, the Idaho statute is not about intentional versus knowing. It's about intentional and knowing on one hand, reckless and negligent on the other. The Idaho statute does not require a conscious deployment of force at all. Well, wait, really? The Idaho statute? So actual, intentional, and unlawful touching, doesn't that require it to be intentional? Your point, I thought, was more about whether you intend the harm. I'm a little confused about what you just said. Perhaps I misspoke, Your Honor. It requires an intentional act, but does not require violent force. An intentional de minimis act is the- And that's because the injury doesn't have to be so serious, so the act doesn't have to be so serious? Is that kind of the line of logic that you're drawing? Correct. But it still has to be an intentional act. Intentional act. Intentional act that happens to result in injury. And that injury can rise to a traumatic injury without being the result of violent force. That connects, Your Honor, to our actus reus argument, which is big picture that there's a level of force below Johnson-style violent force. And Kagan makes clear in Borden, Justice Kagan, excuse me, makes clear in Borden that their opinion addresses a kind of force. If the kind of force does not match, then there's no predicate offense. Here, the Idaho statute's de minimis force is overbroad because it criminalizes mere touching, which is purposeful, but not violent. And it sounds like both sides agree that the Justice Kagan opinion is controlling?  I think under Justice Thomas or Justice Kagan, both require the language that excludes this Idaho statute from the crime of violence requirements. However, if one had to control, Justice Kagan's would be the narrower subset. It's narrower in rationale and result. But the daylight between the two is thin. They agree on the elements clause, and the daylight is only whether knowing or intentional, both of which are. The statute doesn't use knowing. Borden uses knowing. Correct. But the statute uses willful, which is different. Yes, Your Honor. So our statute requires a willful use of force or willful touching, excuse me. Right. I'm drawing a line between Justice Kagan's plurality and Justice Thomas's concurrence. Justice Thomas uses design, which is, I think, purposeful, and Justice Kagan uses full awareness, which is knowing. Neither one of them had occasion to look at willful. Neither one of them talked about willful specifically or about intentional specifically. You know, Justice Kagan talks about, I think, purpose, knowing, reckless, and negligence, right? She talks about those four things. And this statute has two entirely different things in it. So we have to draw some inferences one way or the other, it seems to me. I may misunderstand your question, Your Honor, but in Idaho, willful is purposeful. So that satisfies that. Right. But intentional. I think it's not important to our argument whether we distinguish between intentional and knowing. It's important that we put intentional knowing on one side, reckless negligence on the other. Okay. Okay, counsel, your time is up, I'm afraid. Thank you. But if any judge has a further question. Thank you, Your Honor. Hearing none, thank you. We'll permit rebuttal argument. To answer Judge Graber's question about battery in Idaho, the courts there, both in Billings and Messiahs, have interpreted the intentional and unlawful touching or the intentional touching, which is intent to knowingly perform an act. And so under subsection B and C, it is above the reckless requirements. And just to touch on one, to highlight the final issue, which is that minimal conduct could give rise to a conviction, the California court in, again, in Larico, Yano, and in Walker, reaffirmed that minimal touching could not give rise to a conviction for an intentional touching that results in a traumatic condition. Did those statutes have this minor injury language? The California statute issue in Larico, Yano, did have the injury, whether serious or minor. It almost mirrors the traumatic condition language in the Idaho statute. And unless the panel has further questions, the government will submit. Okay. Hearing none, I want to thank both counsel for their excellent advocacy. And this case will now be submitted.
judges: GRABER, GOULD, FRIEDLAND